IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.                                              CASE NO. 1:96-cr-5-MP-GRJ

CLARENCE JOHNSON, JR.,
_____/

**REPORT AND RECOMMENDATION**

This case is before the Court on Doc. 58, Defendant's "Petition for Time Served in State Custody Pursuant to *Audita Querela* or [28 U.S.C §] 2255(f)(3)," which has been referred to the undersigned for a report and recommendation. Based upon a review of the petition and the record of the prior proceedings, it plainly appears that Defendant is not entitled to relief. Accordingly, the undersigned concludes that the Government should not be required to file a response and recommends that the petition be dismissed. *See* Rule 4, Rules Governing Section 2255 Proceedings.

On July 18, 1996, Defendant was sentenced to a term of 262 months for possession of firearms and ammunition by a convicted felon. He was subsequently sentenced by the State of Florida in August 1996 to a term of 4 years, 8 months, and 24 days for a conviction of burglary of a dwelling. Defendant was released from state custody on May 8, 2000, and his federal sentence commenced on that date.

In 2004, Defendant requested that the Bureau of Prisons give him credit on his federal sentence for time served in state custody by way of a *nunc pro tunc* designation. In accordance with policy, the BOP contacted the Court to determine whether the Court had any objection to such *nunc pro tunc* designation. Doc. 50. On January 6, 2005, the Hon. Maurice M. Paul responded by letter to the BOP stating that

"I am adamantly opposed to granting the defendant *nunc pro tunc* designation so that his federally imposed sentence can be made to run concurrent with his state sentence." Doc. 51.

In September 2006, Defendant filed a petition for a writ of habeas corpus pursuant to 28 U.S.C § 2241 in the Middle District of Florida, where Defendant is confined, seeking credit on his federal sentence for time spent in state custody. The petition was denied. *Johnson v. Warden*, Case No. 5:06-cv-354-WTH-GRJ, Doc. 10 (M.D. Fla. 7/31/09).

On April 25, 2011, Defendant filed a "motion to obtain credit for time served." Doc. 52. The Court directed the Government to respond to the motion. Docs. 53, 55. On May 31, 2011, the Court entered an order denying the motion. Doc. 57. The Court noted that it had previously expressed its clear intent that Defendant's federal sentence not run concurrent to his state sentence. The Court also noted that because Defendant's request pertained to the BOP's execution of his sentence it should have been raised by way of a petition for a writ of habeas corpus under 28 U.S.C § 2241, filed in the district of confinement. *Id*.

The instant petition seeks the same relief that the Court has previously denied: credit toward Defendant's federal sentence for the time spent in state custody prior to May 8, 2000. Doc. 58. Defendant asserts that he is entitled to such relief pursuant to *Setser v. United States,* ___ U.S. ___, 132 S.Ct. 1463 (2012). Defendant argues that *Setser* stands for the proposition that the Court can order his federal and state sentences to run concurrently, and that the Court "simply failed to consider if his federal sentence should run concurrently or consecutively with the State sentence." *Id.*

In *Setser*, the Supreme Court considered whether a district court, in sentencing a defendant for a federal offense, has authority to order that the federal sentence be consecutive to an anticipated state sentence that has not yet been imposed. The district court in *Setser* had ordered a federal sentence for a drug offense to run consecutive to an anticipated state sentence for a probation violation, but concurrently with an anticipated state sentence for the new drug charge. Setser appealed on the ground that the district court had no authority to order a consecutive sentence. While his federal appeal was pending, the state court sentenced him to concurrent five and ten-year terms for the probation violation and new drug offense, respectively. Setser then asserted the argument in his federal appeal that his federal sentence was unreasonable because it was impossible to implement in light of the concurrent state sentences.

The Supreme Court concluded that a district court has the discretion under 18 U.S.C § 3584(a) to order a federal sentence to run consecutively to an anticipated state sentence, and that subsequent actions by the state court that thwart the federal sentence do not render the sentence unreasonable. The Court explained that the defendant was free to seek administrative relief from the BOP by asking for credit for time served in state custody based on the district court's judgment that the federal sentence be concurrent with the sentence for the new drug charges, and if such efforts were unsuccessful, to then seek a writ of habeas corpus under 28 U.S.C § 2241. *Setser*, 132 S.Ct. at 1469-73.

In this case, although the original sentence did not specify whether it was to run concurrent or consecutive to Defendant's subsequent state sentence, the Court has

unequivocally stated its opposition to concurrent sentences. *Setser* simply confirms that the Court had the discretion to order consecutive sentences had it found it appropriate to do so. It does not stand for the proposition that the Court must reconsider its sentence. Rather, as the Court has previously explained, and as the Supreme Court reiterated in *Setser*, Defendant's remedy was to seek administrative relief in the BOP and then, if dissatisfied, file a habeas petition. Defendant has availed himself of such remedies. There is no basis under *Setser*, 28 U.S.C § 2255, or any other procedural mechanism for the Court to entertain another request for the same relief in Defendant's underlying criminal proceedings.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition, Doc. 58, be **DENIED.**

**IN CHAMBERS** this 13th day of February 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**